2009 Ark. App. 342

**Zachary Colt CARTER and Sherron M. Carter, Appellants,**

v.

**STATE of Arkansas, Appellee.**

**No. CA 08–1322.**

Court of Appeals of Arkansas.

April 29, 2009.

---

1. This court issues no opinion regarding who is entitled to custody of T.M.S.

Billy Bob Webb, Springdale, for appellants.

Dustin McDaniel, Att'y Gen., by: Eileen Harrison, Ass't Att'y Gen., for appellee.

D.P. MARSHALL JR., Judge.

Arguing a denial of due process, the Carters—mother and son—appeal the circuit court's order forfeiting their Chevrolet Trailblazer to the Fayetteville Police Department. Zachary and a group of friends used the vehicle when they burgled an unfinished hotel. Zachary confessed, and the police seized the Trailblazer. After Zachary pleaded guilty and was convicted, he and his mother moved to get the Trailblazer back. The State responded promptly and sought forfeiture in its response. About a month later, the circuit court held a hearing and heard argument from the parties. At the end of the hearing, the court said it wanted more time to look at statutes and gave the parties ten days to file briefs. The Carters and the State filed a brief. The court then granted the State's request for forfeiture. Were the Carters denied due process? U.S. Const. amend. XIV; Ark. Const. art. II, § 8.

The process due a citizen before the State may take his or her property depends on the circumstances presented. *Mathews v. Eldridge*, 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Sims v. Moser*, 373 Ark. 491, 499, 284 S.W.3d 505, 512–13 (2008). The constitutional minimum, however, is adequate notice and some kind of a hearing before a neutral decision-maker. *Dusenbery v. U.S.*, 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002); *Tsann Kuen Enterprises Co. v. Campbell*, 355 Ark. 110, 119, 129 S.W.3d 822, 827 (2003). The Carters argue that they received neither notice of the forfeiture proceeding nor an opportunity to be heard. But this record shows both.

The State's response to the Carters' motion to return the Trailblazer notified the Carters that the State sought forfeiture. In drug-related forfeiture cases, the prosecuting attorney must file a

complaint to start forfeiture proceedings. Ark.Code Ann. § 5–64–505(g) (Supp.2007). The forfeiture statutes covering vehicles allegedly used in committing thefts and burglaries, however, impose no such complaint requirement. Ark.Code Ann. §§ 5–5–201(a) & 5–5–204(a) (Repl.2006). The State, of course, had to file some paper notifying the Carters of its forfeiture request and asking the court for action. The State's response sufficed. The State served its response on the Carters' lawyer more than a month before the hearing. *See Nunley* |₃*v. Department of Justice*, 425 F.3d 1132, 1139 (8th Cir.2005) (holding that defendant was afforded due process when the government sent the forfeiture notice to him in care of his attorney). The State's response gave the Carters adequate notice of the forfeiture effort.

█ The Carters also got an opportunity to be heard, orally and in writing. At the hearing, the parties stipulated to the facts and made full arguments about forfeiture. Then, at the court's invitation, they filed post-hearing briefs. The hearing and the briefing satisfied the Constitutions' requirement that the citizen have the opportunity to be heard against the State's position.

█ The Carters emphasize that Sherron Carter's rights as the Trailblazer's co-owner were unfairly compromised by the forfeiture. We disagree. "Zachary Colt Carter or Sherron M. Carter" held title to the Trailblazer. Either owner could transfer title and divest the other. *Warren v. Warren*, 273 Ark. 528, 534, 623 S.W.2d 813, 817 (1981). Zachary could have sold the vehicle, for example, without his mother's consent or involvement. The parties stipulated to Zachary's burglary and theft convictions and his use of the vehicle in these crimes. Zachary's actions divested his mother's interest in the Trailblazer as surely as if he had sold it. Ark.Code Ann. §§ 5–5–201(a) & 5–5–204(a).

Affirmed.

|₄VAUGHT, C.J., and BAKER, J., agree.